[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 27, 2009
THOMAS K. KAHN
CLERK

No. 08-16186
Non-Argument Calendar

_____

Agency Nos. A099-550-709,
A099-550-710

FABIO MILTON ALFONSO NARVAEZ ZAMBRANO,
MARIA FERNANDA SEGURA AYALA,
CLAUDIA ALEJANDRA NARVAEZ SEGURA,
MIGUEL ANGEL NARVAEZ SEGURA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 27, 2009)

Before DUBINA, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Fabio Milton Alfonso Narvaez Zambrano, his wife, and their two children, through counsel, petition for review of the Board of Immigration Appeals' ("BIA") final order affirming the denial of their claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). The petitioners, who are natives and citizens of Colombia, argue that the immigration judge ("IJ") erred by finding that they were not eligible for either form of relief because they did not establish past persecution or a fear of future persecution based on a protected ground.

The government responds that the IJ's denial of relief rested on the persecution finding, and, alternatively, on the finding that the petitioners had failed to show that the Colombian government would not or could not protect them. The government argues that either of the two holdings was adequate to deny relief. It further argues that we lack jurisdiction to review the latter finding because the petitioners failed to raise that issue before the BIA. The government alternatively argues that, even if they had preserved the issue, they now have abandoned it by failing to raise it in their petition for review.

We "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). If an alien fails to raise an issue before the BIA, we lack jurisdiction to

consider that issue. *Fernandez-Bernal v. Att'y Gen. of the United States*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001).

We review only the BIA's decision, except to the extent that it adopts the IJ's decision. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230 (11th Cir. 2006) (per curiam). We review the IJ's decision to the extent that the BIA adopts the IJ's reasoning. *Id.* Here, since the BIA adopted the IJ's decision without issuing its own opinion, we review the IJ's decision.

To the extent that the IJ's decision is based on a legal determination, our review is de novo. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). We review the factual determinations "under the substantial evidence test." *Id.* at 817–18. "[We] must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 818 (citation and quotation marks omitted).

To be eligible for asylum, an applicant must prove refugee status. *Al Najjar v. Ashcroft,* 257 F.3d 1262, 1284 (11th Cir. 2001) (citing 8 U.S.C. § 1158(b)(1)). An applicant satisfies this burden by showing, with specific and credible evidence, either (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of persecution on account of one of the above-listed factors. 8 C.F.R. § 208.13(a), (b). An applicant also must show that he cannot avail himself of his home

country's protection. *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1345 (11th Cir. 2007). An applicant who did not report persecution to his local authorities still may be eligible for asylum or withholding of removal if he convincingly shows that he could not have relied on the authorities because they would have been unwilling or unable to protect him. *Id.*

An applicant who fails to establish eligibility for asylum generally cannot satisfy the higher burden for withholding of removal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (per curiam) (citation and quotation marks omitted). A petitioner seeking review of a BIA decision abandons an issue by "simply stating that [it] exists, without further argument or discussion." *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (per curiam).

Here, the IJ denied the petitioners' asylum application after finding that they had not established past persecution or fear of future persecution based on a protected ground. The IJ alternatively denied their application because they failed to show that the Colombian government was unwilling or unable to protect them. Although the petitioners asserted before the BIA that they could not get the Colombian government's protection and that the government could not guarantee their safety, they failed to argue the merits of the issue. Consequently, we consider that issue abandoned, and we lack jurisdiction to review that aspect of the IJ's decision.

4

But even if the petitioners had preserved the issue, they have not provided any substantive argument that the IJ erred by finding that they had failed to establish that they could not avail themselves of the Colombian government's protection. Because that finding was fatal to their asylum and withholding of removal claims, the petitioners would not have been eligible for these forms of relief even if we found that they had established past persecution or a well-founded fear of future persecution. Finally, the petitioners have abandoned any claim that the IJ erred by denying them CAT relief because they did not brief that claim either before the BIA or this court.

In light of the foregoing, we deny the petition for review.

**PETITION DENIED.**