SUMMARY ORDER
Petitioner Jacqueline Del Carmen Fernandez, a national of the Dominican Republic, is a permanent resident who was found removable by an immigration judge by reason of having committed an aggravated felony. See 8 U.S.C. §§ 1101(a)(43)(B) & (U), 1227(a)(2)(A)(iii). Petitioner then filed an application for deferral of removal pursuant to the Convention Against Torture (“CAT”), which the immigration judge denied after an eviden-tiary hearing. The Board of Immigration Appeals (“BIA”) dismissed Petitioner’s appeal. Petitioner now asks this Court to review the BIA’s determination that she is not eligible for CAT relief because she did not show she is likely to be tortured by or with the acquiescence of an official of the government of the Dominican Republic. We assume the parties’ familiarity with the facts and procedural history of the case.
The government contends that we lack jurisdiction to review the petition because Petitioner does not raise a colorable constitutional claim or question of law. See 8 U.S.C. § 1252(a)(2)(C) & (D). Although 8 U.S.C. § 1252(a)(2)(C) deprives us of jurisdiction to review final orders of removal where the alien is removable by reason of having committed an aggravated felony, § 1252(a)(2)(D) restores our jurisdiction to review constitutional claims and questions of law. Questions of law “are not limited solely to matters of ‘statutory construction.’ ” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 326 (2d Cir.2006). The immigration judge found that the evidence Petitioner submitted was factually accurate, but nonetheless held that it was insufficient as a matter of law to afford Fernandez CAT relief. The facts of this case are therefore not in dispute. Thus, the issue before us is whether the facts as established are legally sufficient to support CAT relief.
The IJ found, and the BIA agreed, that Petitioner did not “in any way establish[ ] that current government officials acting in an official capacity would be responsible for any abuse she would be subjected to.” As a result, Petitioner could not show, as required by the regulations implementing CAT, that she would more likely than not be subjected to torture upon returning to the Dominican Republic. See 8 C.F.R. § 1208.18; see also Singh v. U.S. Attorney Gen., 561 F.3d 1275, 1280 (11th Cir.2009) (per curiam). Petitioner is therefore ineligible for CAT relief as a matter of law.
Accordingly, the petition for review is hereby DENIED.