# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2010

No. 09-40776
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIGHT UGIAGBE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-507-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Bright Ugiagbe appeals from his conviction for being illegally present in the United States after having been deported. He contends that he was improperly convicted under 8 U.S.C. § 1326(b)(2) instead of § 1326(b)(1) because his 1995 Florida conviction for aggravated battery was not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). Ugiagbe argues that the error affected his sentence because it raised the statutory maximum from ten to twenty years,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

which may have influenced the district court's decision to sentence him to forty-one months.

Since Ugiagbe did not raise this argument in the district court, our review is for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 360–61 (5th Cir. 2009). To show plain error, Ugiagbe must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

Ugiagbe's 1995 Florida conviction was not an aggravated felony under § 1101(a)(43)(F) because it carried no sentence of imprisonment. *See Mondragon-Santiago*, 564 F.3d at 368–69; *see also Singh v. U.S. Att'y Gen.,* 561 F.3d 1275, 1280 (11th Cir. 2009) (holding that aggravated felony did not exist until alien's sentence to community control was revoked and term of imprisonment imposed). Thus, it was error to convict and sentence Ugiagbe under § 1326(b)(2). However, the record does not indicate that the district court's error affected Ugiagbe's substantial rights. Whether the Florida conviction was a felony or an aggravated felony did not affect the Guideline range, and the district court, after an extensive discussion with Ugiagbe at the sentencing hearing, sentenced him to the lowest within-range sentence. There is no indication in the record that the statutory maximum played any role in the district court's decision. Therefore, Ugiagbe has failed to demonstrate reversible plain error. *See Mondragon-Santiago,* 564 F.3d at 369. We do, however, reform the judgment of the district court to indicate that Ugiagbe was sentenced under § 1326(b)(1) instead of § 1326(b)(2). *See id.*

Even though Ugiagbe's sentence is at the bottom of the correctly calculated sentencing range, he contends that the sentence is substantively unreasonable. He contends that the district court failed to give sufficient effect to his duress argument by conflating duress as a defense to the commission of an offense and duress as a mitigating factor at sentencing. He asserts that even incomplete or imperfect duress may serve as a basis for a downward departure pursuant to

2

U.S.S.G. § 5K2.12. According to Ugiagbe, his sentence was substantively unreasonable because the district court failed to give mitigating effect to his experiences in Nigeria.

Under the now-discretionary guidelines scheme, the sentencing court has a duty to consider the factors of 18 U.S.C. § 3553(a) and to correctly determine the applicable guidelines range. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Following *Gall v. United States*, 552 U.S. 38, 49–50 (2007), we must determine whether the sentence imposed is procedurally sound, including whether the calculation of the advisory guidelines range is correct, and whether the sentence imposed is substantively reasonable. Review is for abuse of discretion. *Gall*, 552 U.S. at 51.

Ugiagbe concedes that the Guideline range was properly calculated and that he was sentenced within the range. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). This court "will give great deference to that sentence" and "will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *Mares*, 402 F.3d 519–20.

The district court did not minimize Ugiagbe's argument for a departure or variance based on events in Nigeria, nor did it conflate duress as a defense and duress as a sentencing factor. The district court simply did not believe that Ugiagbe could escape Nigeria only by fleeing to the United States, from whence he already had been deported, or that the only way he could reach Canada was by traversing the United States. Indeed, Ugiagbe flew from Nigeria to Brazil, then entered the United States from Mexico, having to cross through several countries along the way. His testimony that he could get to Spain only on a wooden boat due to his inability to obtain a Spanish visa also strains credulity.

The district court considered Ugiagbe's reasons for a lower sentence and explained why it discredited them. *See Rita v. United States,* 551 U.S. 338, 356–57 (2007) (suggesting that district courts should explain why nonfrivolous

departure arguments are rejected).  Ugiagbe has failed to rebut the presumption of reasonableness accorded his within-range sentence.  See *Alonzo*, 435 F.3d at 554.  Therefore, we hold that the district court did not abuse its discretion by imposing the forty-one month sentence.  *See Gall,* 552 U.S. at 51.

AFFIRMED. JUDGMENT REFORMED TO INDICATE THAT UGIAGBE WAS SENTENCED PURSUANT TO 8 U.S.C. § 1326(b)(1).