[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10915
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 17, 2010
JOHN LEY
CLERK

Agency No. A099-920-105

SHERIF MOUSA HELMY BASALY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 17, 2010)

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Sherif Mousa Helmy Basaly seeks review of the Board of Immigration

Appeals' ("BIA") decision dismissing his appeal of the Immigration Judge's ("IJ")

denial of his application for asylum, withholding of removal, and relief under the

United Nations Convention Against Torture ("CAT").[1]  Basaly, a citizen of Egypt,

claims he fears persecution in Egypt by members of Jamaat Islamiya, a Muslim

extremist group, because he is a Christian.  After review, we dismiss in part and

deny in part his petition.

To establish eligibility for asylum, an applicant must show either past

persecution or a well-founded fear of future persecution on account of race,

religion, nationality, membership in a particular social group or political opinion.

Immigration and Nationality Act ("INA") § 101(a)(42), 8 U.S.C.

§ 1101(a)(42)(A); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31 (11th

Cir. 2005); 8 C.F.R. § 208.13(a), (b).[2]  Here Basaly does not challenge the IJ's and

the BIA's finding that he failed to show past persecution.  Instead, Basaly's

petition for review focuses on his claim of future persecution.

---

[1]Basaly has abandoned any challenge to the denial of CAT relief, as he failed to offer substantive argument on this claim or cite applicable law in his appeal brief.  See Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278 (11th Cir. 2009).

[2]Similarly, an alien seeking withholding of removal must show that it is more likely than not that he will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon being returned to his country.  INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); Sepulveda, 401 F.3d at 1232.  Because this standard is more stringent than the standard for asylum, an alien who fails to establish asylum eligibility generally cannot satisfy the higher burden for withholding of removal.  Id. at 1232-33.

To establish future persecution, an applicant must show a well-founded fear that the protected factor, in this case religion, "will cause harm or suffering that rises to the level of 'persecution.'" Al Najjar v. Ashcroft, 257 F.3d 1262, 1287 (11th Cir. 2001). Although the INA does not define persecution, this Court has recognized that it is "an extreme concept requiring more than a few isolated incidents of verbal harassment or intimidation." Ruiz v. Gonzalez, 479 F.3d 762, 766 (11th Cir. 2007) (quotation marks omitted). Consequently, this Court has concluded that threats in conjunction with brief detentions or a minor physical attack that does not result in serious physical injury do not rise to the level of persecution. See, e.g., Djonda v. U.S. Att'y Gen., 514 F.3d 1168, 1174 (11th Cir. 2008) (36-hour detention, beating and threat of arrest); Zheng v. U.S. Att'y Gen., 451 F.3d 1287, 1290-91 (11th Cir. 2006) (5-day detention).[3]

Here, we cannot say the evidence compels a conclusion that Basaly demonstrated a well-founded fear of harm or suffering that rises to the level of

---

[3]We review the determination that an alien is statutorily ineligible for asylum or withholding of removal under the "highly deferential" substantial evidence test, which requires us to affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (quotation marks omitted). We will reverse "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Mehmeti v. U.S. Att'y Gen., 572 F.3d 1196, 1199 (11th Cir. 2009) (quotation marks omitted).

persecution. According to Basaly's asylum application and hearing testimony,[4] in a May 2004 incident, two Jamaat Islamiya members confronted him in an elevator, brandished a gun and told him to stop his service work or they would harm him or his daughter. In July 2004, either a copy of the Koran or verses from the Koran were left on Basaly's apartment door. One night in October 2004, one of the two men who had confronted him in the elevator entered Basaly's store, pushed Basaly and demanded that he either give money to Jamaat Islamiya or become a Muslim. The man stole 5,000 pounds from Basaly. Finally, in November 2004, Basaly's wife received a call stating that her husband was being watched and threatening harm to his family if he did not stop his service work with the poor. Afterward, although Basaly changed the way he operated his Christian charity, he continued to receive threatening calls.

In sum, Basaly had two face-to-face encounters with Jamaat Islamiya and received numerous threats, but neither he nor his family ever suffered any physical harm. These threats and brief encounters, which did not result in any harm, fall short of the extreme mistreatment this Court has found in other cases to compel a conclusion that the petitioner was persecuted. See, e.g., De Santamaria v. U.S.

_____

[4]Because we affirm the BIA's ruling that Basaly, even if credible, was statutorily ineligible for relief, we do not address the BIA's adverse credibility finding.

4

Att'y Gen., 525 F.3d 999, 1008-10 (11th Cir. 2008) (involving repeated death threats, torture and murder of petitioner's groundskeeper, assault resulting in hospitalization, kidnapping and beating with guns resulting in hospitalization); Niftaliev v. U.S. Att'y Gen., 504 F.3d 1211, 1215-17 (11th Cir. 2007) (involving threats, numerous interrogations and beatings during a 15-day detention that resulted in two-month hospitalization, and two subsequent physical attacks after petitioner fled to Argentina); Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1257-58 (11th Cir. 2007) (involving written threats and "condolence" letter, assault with a rock and detention at gunpoint, during which petitioner was thrown to the ground and hit with a gun, breaking his nose and requiring surgery); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1233 (11th Cir. 2007) (involving attempted murder of petitioner, attempted kidnapping of his daughter, and death threats); Delgado v. U.S. Att'y Gen., 487 F.3d 855, 861-62 (11th Cir. 2007) (involving threatening phone calls, car vandalization, detention by masked men who pointed and mock fired unloaded guns at petitioners, and a severe beating requiring medical treatment).

Although this Court has never held that physical harm is a prerequisite to finding persecution, the circumstances under which Basaly was confronted by Jamaat Islamiya did not present the kind of apprehension of imminent serious

5

physical harm or death that this Court has held was persecution even absent physical harm. See Sanchez Jimenez, 492 F.3d at 1233 (concluding that attempted murder in which FARC shot at alien while he traveled in his car was "sufficiently 'extreme'" to constitute persecution despite lack of physical injury).

Not only do these past incidents not amount to persecution, Basaly did not report them to Egyptian authorities, making it difficult for him to show that authorities were unable or unwilling to protect him. See Mazariegos v. Office of U.S. Att'y Gen., 241 F.3d 1320, 1327 (11th Cir. 2001) (noting that asylum applicant's failure to contact law enforcement regarding alleged persecution supports BIA's finding that application did not face a threat of persecution). Although Basaly alleges that Egyptian authorities were in league with Jamaat Islamiya, the State Department's 2006 Human Rights Report on Egypt indicates that the Egyptian government actively combats Muslim extremists. Although Jamaat Islamiya members have asked about Basaly at his apartment in Asyut, Egypt, Basaly's wife and daughter reside unharmed with Basaly's parents in another part of Egypt. Under the circumstances, the record does not compel a conclusion that Basaly has a well-founded fear of future persecution.

Having failed to establish eligibility for asylum, Basaly was similarly ineligible for withholding of removal. See Silva v. U.S. Att'y Gen., 448 F.3d

6

1229, 1243 (11th Cir. 2006). Thus, we deny Basaly's petition as to his claims of asylum and withholding of removal.

For the first time in his petition for review, Basaly argues that he established a "pattern and practice" of persecution of Christians in Egypt and that the IJ demonstrated a "denominationally-minded" bias. We lack jurisdiction to review these claims because they were not exhausted before the BIA. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006). Accordingly, we dismiss Basaly's petition as to his pattern and practice and bias claims.

**PETITION DISMISSED IN PART, DENIED IN PART.**