[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12760
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 29, 2011
JOHN LEY
CLERK

Agency No. A076-480-564

PHILOMENE S. AMIAH,
a.k.a. Philomene Sea Amiah,
a.k.a. Philomene Sea,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 29, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Philomene S. Amiah, through counsel, seeks review of the Board of Immigration Appeals' (BIA) decision denying her motion to reconsider its denial of her second motion to reopen. On appeal, she attempts to challenge the underlying BIA decision denying her second motion to reopen. After review of the record and consideration of the parties' briefs, we dismiss the petition in part and deny the petition in part.

We lack jurisdiction to consider Amiah's arguments regarding the denial of her second motion to reopen because she did not file a petition, much less a timely one, seeking review of the BIA's October 2009 order. *See* 8 U.S.C. § 1252(b)(1); *see also Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (noting the filing deadline is not suspended or tolled by a motion to reopen). We have jurisdiction to review only the BIA's May 19, 2010, order denying Amiah's motion to reconsider the denial of her second motion to reopen, as the instant petition, filed less than 30 days later, is timely with respect to only that order. 8 U.S.C. § 1252(b)(1).

Amiah advances no argument that the BIA abused its discretion in denying her motion to reconsider, and has thus abandoned the only issue properly on appeal. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating [in her brief] that an issue exists, without further

2

argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").  Accordingly, we dismiss the petition to the extent Amiah seeks to challenge the underlying order denying her second motion to reopen and deny the petition to the extent that she challenges the BIA's order denying reconsideration of the second motion to reopen.

**PETITION DISMISSED IN PART, PETITION DENIED IN PART.**