[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11006
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2011
JOHN LEY
CLERK

Agency No. A099-551-725


MELANIE MARGARITA RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 16, 2011)

Before BARKETT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Melanie Margarita Rodriguez, a native and citizen of Venezuela, petitions

for review of the Board of Immigration Appeals's ("BIA") order affirming the denial of her application for asylum and withholding of removal under the Immigration and Nationality Act, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Rodriguez claims that she will be persecuted if she returns to Venezuela on account of her employment with an organization, Centro Interamericano de Gerencia Politica, whose mission is to promote democracy throughout Latin America, including in Venezuela, and because she recently started a personal blog that is opposed to the Venezuelan government.

We review the BIA's decision as the final judgment, unless the BIA expressly adopts the IJ's decision. Ruiz v. Gonzales, 479 F.3d 762, 765 (11th Cir. 2007). In that case, we review the IJ's decision as well. Id. Here, the BIA did not expressly adopt the IJ's decision, and, therefore, we review only the BIA's decision. See id.

As an initial matter, Rodriguez has not challenged the BIA's adverse-credibility determination or its conclusion that Rodriguez was ineligible for withholding under CAT. Because she failed to raise those issues in her petition before us, we deem them abandoned and need not further address them. See Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278-79 (11th Cir. 2009). Additionally, we

2

lack jurisdiction to consider the BIA's determination that her asylum application was untimely filed. See 8 U.S.C. § 1158(a)(3); Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1217 (11th Cir. 2002) (holding that federal courts do not have jurisdiction to review the Attorney General's decision regarding the timeliness of an asylum application). Thus, the only issue before us is the BIA's alternative determination that, notwithstanding her lack of credibility, Rodriguez failed to demonstrate that it is more likely than not that her life or freedom would be threatened in Venezuela on account of her political activities, therefore denying her request for withholding of removal.[1]

Upon review of the parties' briefs and the record, we see no reversible error in the BIA's decision that Rodriguez failed to meet her burden of proof for withholding of removal. The BIA did not err when it upheld the Immigration Judge's decision to give little weight to the illegible, uncertified translations of web pages that Rodriguez submitted as the regulations provide that foreign language documents must be legible and accompanied by a certification from the

_____

[1] To qualify for withholding of removal under the INA, the applicant must show that if returned to her country, her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). The petitioner must demonstrate that it is more likely than not that she will be persecuted or tortured upon removal to her country. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006).

translator as to competency and accuracy.  See 8 C.F.R. § 1003.33.  Moreover,

substantial evidence supports the BIA's findings that no one in Venezuela was

aware of Rodriguez's political activities or would seek to harm her.[2]

**PETITION DENIED.**

---

[2]  To the extent that Rodriguez faults her prior trial counsel for any deficiencies in her immigration court proceedings and attempts to raise an ineffective assistance of counsel claim, we lack jurisdiction to consider this issue as it has not been administratively exhausted.  See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1249-51 (11th Cir. 2006).