**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2012

No. 11-41318
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR REYES-GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1125-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Reyes-Gutierrez appeals from his conviction and sentence for being illegally present in the United States after having been deported. He contends that he was improperly convicted under 8 U.S.C. § 1326(b)(2) instead of § 1326(b)(1) because his 2003 Florida conviction for aggravated battery was not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). Reyes-Gutierrez argues that the error may have affected his sentence because it raised the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statutory maximum from ten to twenty years, which may have influenced the district court's decision to sentence him to 46 months of imprisonment.

Because Reyes-Gutierrez did not raise this argument in the district court, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir.2009). To show plain error, Reyes-Gutierrez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 134-35 (2009).

Reyes-Gutierrez's 2003 Florida conviction for aggravated battery was not an aggravated felony under § 1101(a)(43)(F) because it carried a term of imprisonment of less than one year. *See Mondragon-Santiago*, 564 F.3d at 368-69; *see also Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1280 (11th Cir. 2009) (holding that aggravated felony did not exist until alien's sentence to community control was revoked and term of imprisonment imposed). Thus, it was error to convict and sentence Reyes-Gutierrez under § 1326(b)(2). However, as Reyes-Gutierrez so concedes, the record does not indicate that the district court's error affected his substantial rights. Whether the Florida conviction was a felony or an aggravated felony did not affect the guideline range, and the district court, after a discussion at the sentencing hearing about the seriousness of his prior offense and his inability to abide by the conditions of his lenient sentence, sentenced him to the lowest sentence in the advisory guideline sentencing range after denying his request for a downward variance. There is no indication in the record that the statutory maximum played any role in the district court's decision. Therefore, Reyes-Gutierrez has failed to demonstrate reversible plain error. *See Mondragon-Santiago*, 564 F.3d at 369.

Reyes-Gutierrez argues, and the government agrees, that the judgment should be reformed to reflect that he was convicted and sentenced under § 1326(b)(1). Accordingly, we REFORM the district court's judgment to reflect conviction and sentencing under § 1326(b)(1), and AFFIRM the judgment as reformed. *See id.*