[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14354
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-01576-JEO

NATASHA L. SMITHERMAN,

Plaintiff-Appellant,

versus

DECATUR PLASTICS PRODUCTS INC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 21, 2018)

Before WILSON, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Natasha Smitherman, through counsel, filed an employment discrimination complaint against her former employer, Decatur Plastics Products Inc.'s (Decatur Plastics), alleging race discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3(a), and 42 U.S.C. § 1981. A magistrate judge granted Decatur Plastics' motion for summary judgment, finding that Smitherman failed to present a prima facie case of racial discrimination or retaliation. Smitherman now appeals, proceeding pro se. Upon thorough review of the briefs and the record, we affirm.

## I.

We review de novo the district court's grant of summary judgment and apply the same standard used by the district court. *Burton v. Tampa Hous. Auth.*, 271 F.3d 1274, 1276 (11th Cir. 2001).

## II.

"When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

We will not consider an issue that a party failed to raise in the district court unless: (1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party had no opportunity to raise

the issue below; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).

Pro se pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed. *Evans v. Georgia Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir.), *cert. denied*, 138 S. Ct. 557 (2017). However, liberal construction of pro se pleadings "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted).

On appeal, Smitherman claims in her issue statement that she is challenging the magistrate judge's determination that she failed to make out prima facie claims of racial discrimination and retaliation under Title VII and 42 U.S.C. § 1981. She also states that the magistrate judge erred by "not properly evaluating evidence." But in her brief, Smitherman does not address the magistrate judge's holdings or provide any legal arguments for how the magistrate judge erred. She puts forth various factual assertions and lists numerous case citations, but does not provide any context for these citations or direct them toward any particular issue. "We have long held that an appellant abandons a claim when he either makes only

passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo*, 739 F.3d at 681.  Even liberally construed, Smitherman's brief fails to challenge, or even reference, any of the magistrate judge's specific, multiple grounds for his grant of summary judgment. Smitherman provides no arguments or authority to support her claim that the magistrate judge erred in granting Decatur Plastics' motion for summary judgment, and therefore has abandoned that claim.  *See Singh v. U.S. Atty. Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (per curiam) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").

Finally, to the extent that Smitherman's brief could be read to raise challenges to the magistrate judge's handling of certain evidence, she failed to raise these challenges before the magistrate judge and cannot raise them for the first time on appeal.  *See Access Now*, 385 F.3d at 1331–32.  Accordingly, we must affirm the magistrate judge's order.

**AFFIRMED.**