[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11464
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-02490-LMM

DAVID BOOTH,

Plaintiff-Appellant,

versus

CITY OF ROSWELL,
a Municipal Subdivision of the State of Georgia,
RUSTY GRANT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 31, 2018)

Before MARCUS, JORDAN and FAY, Circuit Judges.

PER CURIAM:

David Booth appeals following the grant of the defendants' motion to

dismiss his employment discrimination action for failing to state a claim upon

which relief could be granted.  Before filing this lawsuit, Booth filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which dismissed his charge.  In this appeal, Booth argues that the district court erred: (1) by not converting the defendants' motion to dismiss into a motion for summary judgment when the defendants attached his EEOC charge to their motion; and (2) by determining that he failed to state a claim under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12112(a), and under 42 U.S.C. § 1983.  After careful review, we affirm.

Ordinarily, we review de novo the district court's grant of a motion to dismiss for failure to state a claim.  Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).  But under our Local Rule 3-1, the failure to object to a magistrate judge's Report and Recommendation ("R&R") waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  11th Cir. R. 3-1.

In the absence of a proper objection, however, we may review on appeal for plain error if necessary in the interests of justice.  Id.  To establish plain error, a party must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the party satisfies these conditions, we may exercise our discretion to recognize the error

only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. An argument not mentioned in an appellant's initial brief is deemed abandoned. See Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995). Moreover, "an appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue." Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278-79 (11th Cir. 2009).[1]

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Additionally, a district court may consider a document attached to a motion to dismiss, without converting it to a motion for summary judgment, when the plaintiff refers to the document in his complaint, it is central to his claims, and there is no reasonable dispute as to the authenticity of the document. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

Before filing suit under the ADA, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC. See 42 U.S.C. § 12117(a) (applying remedies and procedures of Title VII to ADA); Wilkerson v. Grinnell Corp., 270

---

[1] Notably, Booth has abandoned several arguments on appeal. He has abandoned any challenge to the district court's determination that he failed to state an equal protection claim because he does not mention "equal protection" in his brief. Marek, 62 F.3d at 1298 n.2. He also has abandoned any challenge to the district court's failure to sua sponte allow him to amend his brief because he raises the issue in an ancillary section of his brief, with no further argument or discussion. Singh, 561 F.3d at 1278-79.

3

F.3d 1314, 1317 (11th Cir. 2001). The allegations in the judicial complaint must be "reasonably related" to the EEOC charge with no "material differences" between the two. See Wu v. Thomas, 863 F.2d 1543, 1547 (11th Cir. 1989). "Allegations of new acts of discrimination, offered as the essential basis for the requested judicial review, are not appropriate." Ray v. Freeman, 626 F.2d 439, 443 (5th Cir. 1980).[2] Additionally, to survive a motion to dismiss, an ADA claim for disparate treatment must contain more than speculative conclusions and must provide enough factual matter, taken as true, to plausibly suggest intentional disability discrimination. See Iqbal, 556 U.S. at 678-79.

A claimant is entitled to relief under 42 U.S.C. § 1983 if he can prove that a person acting under color of state law deprived him of a federal right. Almand v. DeKalb Cnty., Ga., 103 F.3d 1510, 1513 (11th Cir. 1997). However, § 1983 is not itself a source of substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). The first step in a § 1983 claim is to identify the specific constitutional right allegedly infringed. See Graham v. Connor, 490 U.S. 386, 394 (1989).

As the record reveals, Booth failed to object to the magistrate judge's R&R at the district court and now fails to argue for plain error review on appeal. Thus, under our local rules, he has waived the right to challenge the district court's order

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

on appeal.  11th Cir. R. 3-1.

But even reviewing Booth's arguments for plain error, we can find none. First, the district court did not plainly err by dismissing Booth's amended complaint for failure to state a claim.  As the record reflects, the district court applied the correct standard to the motion to dismiss, assessing whether the amended complaint contained sufficient factual matter to state a claim that was plausible on its face.  Iqbal, 556 U.S. at 678.  Nor did district court err in refusing to convert the motion to dismiss into a motion for summary judgment when the defendants attached his EEOC charge to their motion to dismiss.  The record makes clear that Booth referred to the EEOC charge in his complaint, as amended; it was central to whether his claims were viable; and no one disputed its authenticity.  Horsley, 304 F.3d at 1134.

As for his ADA failure-to-accommodate and hostile-work-environment claims, the district court did not plainly err in dismissing them because they were not administratively exhausted.  Booth's complaint reveals that his claims stem from a motorcycle accident in which he suffered nerve damage and permanent partial paralysis of his right hand.  The complaint alleged that sometime after the accident, he received verbal and written counseling and he was placed on a 90-day performance improvement plan because his productivity and "self-initiated activity" was lower than other officers in his squad, and shortly thereafter, the City

5

fired him, allegedly because he failed "to perform at an acceptable level of competence." The complaint further alleged that he had submitted a letter from his doctor suggesting that courtroom duty would be more suitable for him than patrol duty, but the City refused the suggestion or any other accommodations.

Booth's EEOC charge, however, only said that he was terminated and that he believed he had been discriminated against because of his disability; it did not relay what his disability was, nor mention an accommodation request, a failure to accommodate, harassment, or a hostile work environment. Further, in listing the instances of discrimination he had suffered, his EEOC charge identified only the verbal counseling, written counseling, and termination, which occurred about six months after his alleged request for accommodation. Thus, the complaint's failure-to-accommodate and hostile-work-environment claims describe new acts of discrimination, and as a result, the district court did not plainly err in dismissing them for lack of exhaustion. Ray, 626 F.2d at 443.

As for his disparate treatment claim, Booth did not allege that his disabled hand had anything to do with any of the incidents for which he was disciplined, nor did he allege that any city employee harbored a discriminatory animus against people with disabilities. Because Booth did not allege any facts to support his allegation that he was "terminated because he was an undesirable employee because of his disability," the district court did not plainly err in dismissing his

6

disparate treatment claim.  See Iqbal, 556 U.S. at 678-79.

Finally, the district court did not plainly err in dismissing Count Two of Booth's complaint.  As the record reveals, the complaint failed to identify any constitutional right that was violated to support a claim under § 1983.  See Graham, 490 U.S. at 394.  Accordingly, we affirm.

**AFFIRMED**.