[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 31, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10780
Non-Argument Calendar
_____

Agency No. A42-468-996

NICHOLAS MICHAEL SINGH,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(December 31, 2008)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Nicholas Michael Singh, a native and citizen of Jamaica, through counsel, seeks review of the Board of Immigration Appeals's (BIA's) final order of removal and decision to dismiss his appeal of the Immigration Judge's (IJ's) order denying his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment (CAT), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 1208.16(c).

Singh was born April 19, 1985,[1] and was admitted to the United States in 1991 as a lawful permanent resident. In 2000, Singh pled guilty in Florida circuit court to 1 count of armed burglary, 2 counts of third-degree grand theft, and 2 counts of burglary of an unoccupied dwelling and was sentenced to 364 days of imprisonment, 2 years of community control, and 3 years of probation. In 2000, Immigration and Naturalization Services (INS) charged Singh with removeability under INA § 237(a)(2)(A)(ii), as an alien convicted of two crimes involving moral turpitude, and under INA § 237(a)(2)(C), as an alien convicted of a firearm offense. Thereafter, Singh filed an application for cancellation of removal under INA § 240A(a), which was granted, and the proceedings against him were terminated.

---

[1] Singh testified that he was born on April 19, 1985. However, his prison and arrest records list his birth date as April 19, 1984.

However, in 2003, Singh violated the conditions of his community control, which the Florida circuit court then revoked and sentenced him to 6.6 years in prison. INS then charged him with removeability under INA § 237(a)(2)(A)(iii), as an alien convicted of an aggravated felony (burglary) for which a sentence of at least one year was imposed.

On appeal, Singh argues that (1) the conviction of a minor as an adult in state court is not a conviction for immigration purposes; (2) res judicata barred the government from re-charging him with immigration violations based on the same conviction for which he previously was granted cancellation of removal; and (3) the BIA erred in finding that he failed to meet his burden of establishing eligibility for deferral of removal under the CAT. Singh also states in conclusory fashion and without citation to legal authority that treating his convictions as an adult, when he was only 15 years old, as convictions for immigration purposes violates his right to equal protection.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, with regard to the res judicata issue the BIA partially agreed with the IJ's findings but also made additional observations so we will review the IJ's and the BIA's decisions on that matter. As for the other issues pertaining to Singh's juvenile status and request for CAT relief, the BIA did

3

not expressly adopt or agree with the IJ's decision, so we will review only the BIA's decision on those matters.

To the extent that the BIA's decision was based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial-evidence test, and we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar, 257 F.3d at 1283-84 (citation omitted).

Additionally, INA § 242(a)(2)(C) sets forth the following limitations on judicial review of final orders of removal against criminal aliens:

> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii).

8 U.S.C. § 1252(a)(2)(C). Section 242(a)(2)(D), in turn, provides as follows:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

8 U.S.C. § 1252(a)(2)(D).

Prior to the Real ID Act of 2005, Pub.L.No. 109-13, 119 Stat. 231, we interpreted § 1252(a)(2)(C) as limiting our judicial review of removal orders

4

entered against criminal aliens to whether a petitioner was "(1) an alien (2) who [was] removable (3) based on having committed a qualifying offense." Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). However, pursuant to the Real ID Act, we now retain jurisdiction also to consider "constitutional claims or questions of law" raised by a petitioner. See 8 U.S.C. §1252(a)(2)(D).

## I. Conviction as an Adult in State Court

As an initial matter, an appellant's brief must include an argument containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed.R.App.P. 28(a)(9)(A). Thus, an appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998). Singh's simple statement that our treating his conviction as a conviction for immigration purposes would violate his right to equal protection, without further explanation or discussion, did not sufficiently raise the issue on appeal, and thus it is abandoned. Id. Accordingly, we will refrain from considering the issue on review.

Singh also argues that, while Florida law permits a 15 year-old to be charged and convicted as an adult, federal law only allows 15 year-olds to face adjudication in juvenile proceedings, which are administrative in nature and are not considered

5

convictions for immigration purposes. According to Singh, the Federal Juvenile Delinquency Act (FJDA) standards should apply to determine whether an act is a delinquency or a crime, and under the FJDA because Singh's act was not a crime of violence, had he been tried in federal court, he would not have been eligible for transfer to adult court.

Under INA § 237(a)(2)(A)(iii), an alien who is convicted of an aggravated felony, such as burglary, at any time after admission is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). A conviction is defined as:

> a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where–
>
>> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
>>
>> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

INA § 101(a)(48)(A), 8 U.S.C. § 1101(a)(48)(A). Whether a state's conviction of a minor in adult court is considered a conviction for immigration purposes is a matter of first impression in this Circuit. However, several other circuits have addressed the issue, all holding that a conviction in adult court is a conviction for immigration purposes, no matter how old the alien was at the time of the offense.

6

In Vieira Garcia v. I.N.S., 239 F.3d 409 (1st Cir. 2001), the petitioner was 17 years old at the time of the offense and he argued that even though he was convicted as an adult in Rhode Island court, because of his age, his offense should be considered a juvenile delinquency and not a conviction for immigration purposes. Vieira Garcia, 239 F.3d at 411-12. The First Circuit held that because the INA's definition of conviction was clear and unambiguous, it was bound by the state court's determination to adjudicate the petitioner as an adult, noting that "if Congress had wanted the INS to follow the FJDA at all times, it would have so stated." Id. at 413-14. The Ninth Circuit agreed that the FJDA did not apply in Vargas-Hernandez v. Gonzales, 497 F.3d 919, 922-23 (9th Cir. 2007), holding that a 16 year-old's state court conviction as an adult constituted a conviction under INA § 101(a)(48)(A). Finally, in Savchuck v. Mukasey, 518 F.3d 119, 122 (2nd Cir. 2008), the Second Circuit held that the definition of conviction under § 1101(a)(48)(A) includes state court convictions and "does not sanction disregarding them because of the theoretical possibility that criminal conduct might be treated differently by federal authorities."

We follow the plain reading of § 1101(a)(48)(A), as well as the First, Second, and Ninth Circuits, and hold that Singh's conviction as an adult in Florida court is a conviction for immigration purposes, even though he was a minor at the time. We deny Singh's petition for review in this regard.

7

## II. Res Judicata

Singh argues that when a defendant violates his probation or community control, he is not then incarcerated for the violation, but for the underlying offense, and therefore the IJ erred in determining that the cause of action allowing the new removal proceedings against Singh was the violation of probation, not the actual conviction. Thus, he asserts res judicata bars the government from recharging him because the new removal charges resulted from the same cause of action as the previous charges already ruled upon when he initially was granted cancellation of removal.

Res judicata bars the filing of a claim when the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases. Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). Generally, if a case arises out of the same "nucleus of operative fact" as a former case, the two cases are the same for res judicata purposes. Id. at 1239. However, "res judicata does not bar a claim that was not in existence at the time of the original action unless the facts underlying the claim were actually raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1299 (11th Cir. 2001).

Because the INA defines an aggravated felony as a theft or burglary offense for which the term of imprisonment is at least one year, 8 U.S.C. § 1101(a)(43)(G), and because Singh had not been sentenced to such a term of imprisonment until after his violation of community control, the Government's claim – that he was removable as an alien convicted of an aggravated felony for which a sentence of at least one year was imposed – was not in existence when Singh was initially granted cancellation of removal. Thus, Singh's violation of his community control and then being resentenced to a term of more than one year's imprisonment gave rise to a new cause of action that was not previously available, and therefore it is not barred by res judicata. Accordingly, we deny Singh's petition for review on this basis.

### III. CAT Relief

Singh argues that the IJ and the BIA erred in finding that he was ineligible for CAT relief because he showed, through testimony and documentary evidence, that he will more likely than not be subject to torture upon removal to Jamaica.

The Real ID Act divests us of jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in § 1227(a)(2)(A)(iii), unless the alien raises constitutional claims or questions of law. INA §§ 242(a)(2)(C) and (D), 8 U.S.C. §§ 1252(a)(2)(C) and (D). However, under the Real ID Act, we do have jurisdiction to review claims where the alien challenges the application of an

9

undisputed fact pattern to a legal standard, and "whether a particular fact pattern amounts to torture requires a court to apply a legal definition to a set of undisputed or adjudicated historical facts." Jean-Pierre v. U.S. Att'y. Gen., 500 F.3d 1315, 1322 (11th Cir. 2007) (quotation omitted).

To be entitled to relief under the CAT, an applicant must establish that it is "more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture" is defined as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 1208.18(a)(1).

In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, the following should be considered: (1) evidence of past torture inflicted upon the applicant; (2) evidence that the applicant could relocate to a part of the country where he is not likely to be tortured; (3) evidence of gross, flagrant, or mass violations of human rights within

10

the country of removal, where applicable; and (4) other relevant information regarding country conditions. 8 C.F.R. § 1208.16(c)(3).

The facts Singh presented do not show that he suffered past torture in Jamaica or that it is more likely than not that he will be tortured if he returns to Jamaica. Singh's testimony about his cousin's alleged beating by the police lacked any specificity and he did not show any flagrant or mass violations of human rights within Jamaica. The articles and U.S. Department of State documents he presented showed that Jamaican deportees may not fit easily into Jamaican society but they did not demonstrate widespread human rights violations specifically targeted at criminal deportees.

Upon review of the record and consideration of the parties' briefs, we discern no reversible error. Singh's petition for review is denied.

**DENIED.**