[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 7, 2010
JOHN P. LEY
ACTING CLERK

No. 09-13231
Non-Argument Calendar

_____

Agency Nos. A088-161-696, A088-161-697

MARIE YOLAINE NOTIS-BELIZAIRE,
ROUBENS GUERCH M. NOTIS,
ODLENE EMMANUELA K. NOTIS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(January 7, 2010)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Marie Yolaine Notis-Belizaire, a native and citizen of Haiti, seeks review of

the Board of Immigration Appeals's ("BIA") order affirming the immigration judge's ("IJ") denial of her claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture ("CAT").[1]  After review, we dismiss in part and deny in part the petition.

Notis-Belizaire applied for asylum, claiming that she was persecuted by the Chimeres based on her political opinion.  In denying Notis-Belizaire's asylum claim, the IJ made an adverse credibility determination as to Notis-Belizaire, the only witness at the asylum hearing.  The IJ found that Notis-Belizaire failed to offer credible testimony or corroborative evidence establishing her eligibility for asylum.  The IJ identified numerous inconsistencies between her initial and amended asylum applications, the documentary evidence, and her hearing testimony.  The IJ also found that Notis-Belizaire's asylum application was frivolous and that she had knowingly fabricated material elements of her asylum

_____

[1]Notis-Belizaire's two minor children were included on the asylum application as derivative beneficiaries.  Although our opinion refers only to Notis-Belizaire, our holding as to the asylum and CAT claims applies equally to her children.  As to the withholding of removal claim, "there are no derivative benefits associated with a grant of withholding of removal." Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007).  Thus, we deny the petition as to the children's withholding of removal claim on that basis.  Further, Notis-Belizaire has abandoned any challenge to the denial of withholding of removal or CAT relief, as she has failed to offer argument on these claims or cite applicable law in her brief on appeal.  See Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278 (11th Cir. 2009) (noting that when an appellant fails to offer argument on an issue, or makes only passing references to the issue, the issue is deemed abandoned).  Thus, the only claim we address is the petitioners' claim for asylum.

application.

On appeal, the BIA affirmed the IJ's decision, finding that Notis-Belizaire had not shown clear error in the IJ's adverse credibility finding. The BIA also agreed with the IJ's finding that Notis-Belizaire's asylum application was frivolous.

In this Court, Notis-Belizaire argues that the IJ's findings that she did not establish either past persecution or a well founded fear of future persecution are not supported by substantial evidence.[2] Specifically, Notis-Belizaire contends that the threats and mistreatment she suffered at the hands of the Chimere constituted persecution on a protected ground and provided a reasonable basis for her to fear future persecution. However, her argument relies on her discredited hearing testimony and does not challenge the IJ's finding that her testimony was not credible. See Forgue, 401 F.3d at 1287 (explaining that, an asylum applicant must establish eligibility "by offering credible, direct, and specific evidence" and that, once an adverse credibility determination is made, "the burden is on the applicant to show that the IJ's credibility decision was not supported by 'specific, cogent

---

[2]Where, as here, the BIA adopted the IJ's reasoning, we review both the IJ's and the BIA's decisions. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review the determination that an applicant is ineligible for asylum under the substantial evidence test. Under this "highly deferential" standard of review, administrative factual findings, including credibility determinations, can be reversed only if the record "compels" a contrary conclusion. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005).

3

reasons' or was not based on substantial evidence").  Furthermore, Notis-Belizaire

does not argue that any record evidence other than her discredited hearing

testimony compels a conclusion that she suffered past persecution or has a well-

founded fear of future persecution.  Given that we must accept the IJ's

unchallenged adverse credibility finding, Notis-Belizaire's argument that she

established eligibility for asylum is unavailing.

Notis-Belizaire also challenges the IJ's finding that her asylum application

was frivolous.[3]  An asylum applicant who "knowingly made a frivolous application

for asylum" and received notice of the consequences of filing a frivolous asylum

application at the time the application was filed is permanently ineligible for any

immigration benefits.  8 U.S.C. § 1158(d)(4)(A), (d)(6), INA § 208(d)(4)(A),

(d)(6); see also Scheerer, 445 F.3d at 1317.  An application is frivolous "if any of

its material elements is deliberately fabricated."  8 C.F.R. § 208.20.  "Because the

consequences of a finding of frivolousness are so severe, 8 C.F.R. § 208.20

delineates a specific framework the IJ must follow before making such a finding."

Scheerer, 445 F.3d at 1317.  Section 208.20 provides that "[s]uch a finding shall

only be made if the immigration judge or [the BIA] is satisfied that the applicant,

_____

[3]"We review de novo the statutory interpretation finding by the BIA that an applicant
filed a frivolous asylum application under Section 1158(d)(6)."  Scheerer v. U.S. Att'y Gen., 445
F.3d 1311, 1317 (11th Cir. 2006) (brackets omitted).  However, our review is "tempered with
deference to the BIA's interpretation, if reasonable."  Id. (brackets and quotation marks omitted)

4

during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." 8 C.F.R. § 208.20.

This Court has explained that Section 208.20 requires the IJ to "find material aspects of the alien's asylum application were demonstrably false and such fabrications were knowingly and deliberately made" and that the alien must be given "ample opportunity during his hearing to address and account for any deliberate, material fabrications upon which the IJ may base a finding of frivolousness." Scheerer, 445 F.3d at 1318. "[A] finding of frivolousness cannot stand without a specific finding in the first instance that the applicant deliberately fabricated material portions of his asylum application." Id. (concluding that a frivolity finding "does not flow automatically from an adverse credibility determination").

Notis-Belizaire does not challenge the IJ findings that she received the required notice of the consequences of filing a frivolous asylum application and that she had an opportunity to address and account for the discrepancies or implausible aspects of her claim, which were relied upon in making the frivolity finding. Instead, Notis-Belizaire argues that the IJ failed to reference specific, material aspects of her asylum application that were knowingly fabricated. We disagree.

Both the IJ and the BIA supported the frivolity finding with references to

5

specific material falsehoods in her amended asylum application. They specifically found that Notis-Belizaire's claim that she was confronted and threatened by armed members of the Chimere on January 15, 2004 and subsequently fled to Les Cayes to go into hiding for twenty-two days was false because it was: (1) inconsistent with her passport, which showed that she entered the United States on January 16, 2004 and remained there for approximately one month; and (2) omitted from her initial asylum application. They also determined that the fabricated January 15, 2004 incident was a material aspect of her asylum claim, as it constituted the most serious allegation of persecution. Thus, the IJ and the BIA complied with their obligations to make a specific finding that Notis-Belizaire deliberately fabricated material portions of her asylum application.[4]

Notis-Belizaire argues that she explained to the BIA that she was confused about the relevant date. Although the IJ and the BIA were required to give Notis-Belizaire an opportunity to account for discrepancies, they were not required to accept her explanation. Before the IJ, Notis-Belizaire persistently maintained, even when asked to account for the discrepancy between her claim and her passport, that she fled to Les Cayes on January 15, 2004, where she remained for twenty-two

_____

[4]Notis-Belizaire questions the IJ's reference to her weight. Specifically, in evaluating Notis-Belizaire's demeanor on the stand, the IJ remarked that Notis-Belizaire's weight and dress indicated that she had some money. We do not think this comment, which was not made in connection with the frivolity determination, undermines the determination's reasonableness.

days. Given Notis-Belizaire's persistent testimony at the hearing and her failure to mention the incident at all in her initial asylum application, the BIA's decision to reject her explanation as unpersuasive was reasonable.

Finally, Notis-Belizaire argues for the first time in her petition for review that the IJ erred in denying her motion for a continuance at the start of the hearing. We lack jurisdiction to review this claim because she failed to raise it before the BIA. See 8 U.S.C. § 1252(d)(1), INA § 242(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). Thus, we dismiss her petition as to the denial of her motion for a continuance. We deny the petition as to her asylum claim and her challenge to the frivolity finding.

**PETITION DISMISSED IN PART AND DENIED IN PART.**