[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12699
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-23755-KMW

JESUS N. RODRIGUEZ,

Petitioner-Appellant,

versus

ATTORNEY GENERAL, STATE OF FLORIDA,
FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 11, 2020)

Before JORDAN, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Jesus Rodriguez appeals the district court's denial of his motion to amend his 28 U.S.C. § 2254 petition for writ of habeas corpus. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 1, 2016, Rodriguez filed a pro se § 2254 petition in the Southern District of Florida. The petition asserted two claims that are not at issue on appeal. Separately, the petition also noted that Rodriguez had raised twenty-five claims in his state postconviction motion and that those claims were "incorporated and consolidated" into the petition. However, the petition did not describe the nature of those incorporated claims, nor was Rodriguez's state postconviction motion attached to the petition.

On January 5, 2017, the Secretary of the Florida Department of Corrections filed a response. The secretary addressed the merits of the two claims raised in Rodriguez's petition and did not address the twenty-five claims that Rodriguez sought to incorporate from his state postconviction motion.

On January 24, 2017, Rodriguez filed a motion to amend his petition. The motion copied the twenty-five claims Rodriguez had previously tried to incorporate from his state postconviction motion. The motion also set forth two claims that Rodriguez had raised on direct appeal and two claims that Rodriguez had raised in a

2

state habeas petition.  Rodriguez asserted that those four additional claims were unknown to him until the secretary filed portions of the state court record as exhibits in response to his § 2254 petition.  Rodriguez also claimed that he relied on other prisoners to assist him, he suffered from "serious and severe head injuries," and he was unable to read English.  The magistrate judge said he would "consider the contents of [the motion] as a reply to the [secretary's] response," but he did not treat the motion itself as an amended § 2254 petition.

On March 14, 2017, Rodriguez filed a second motion to amend his § 2254 petition or, in the alternative, a motion to file a reply to the secretary's response. Rodriguez asserted that his § 2254 petition was "wholly inadequate" because he relied on another inmate to help him prepare the petition and was misled about that inmate's capabilities.  Rodriguez explained that he relied on the same inmate to prepare his first motion to amend and acknowledged that the motion was defective because it did not "follow proper format," "[did] not raise Federal Constitutional violations," and did not "raise Federal case law to support the Constitutional violations in the State Court proceedings."  Rodriguez further stated that his first motion to amend "lack[ed] substance, format, and procedure" and "varie[d] so vastly from the standard required format[] that it should be construed as a nullity." Rodriguez sought leave to amend his petition under Federal Rule of Civil Procedure 15 and argued that it would be unjust to deny him leave because he was "serving a

life sentence and [could file] a properly prepared Petition." He claimed that he was "not causing undue delay" and had not prejudiced the secretary.

In his order, the magistrate judge said "the time by which to file an amended petition ha[d] passed because the [secretary] ha[d] already filed a response," but Rodriguez could file a reply to the secretary's response. Rodriguez later filed a reply addressing the secretary's arguments but did not mention the twenty-five claims from the state postconviction motion.

On December 22, 2017, the magistrate judge entered a report and recommendation concluding that Rodriguez's petition should be denied. In doing so, the magistrate judge considered only the two claims expressly raised in Rodriguez's petition. The magistrate judge acknowledged that Rodriguez had sought to incorporate twenty-five claims from his state postconviction motion but stated that Rodriguez failed to "articulate what those [claims] are." The magistrate judge added that the court "[could not] be left to speculate as to what the other twenty-five claims might be." Rodriguez timely objected to the magistrate judge's report and recommendation, arguing in part that the magistrate judge erred in not considering the contents of his first motion to amend.

On May 25, 2018, the district court entered an order overruling Rodriguez's objections and adopting the magistrate judge's report and recommendation. The district court also denied Rodriguez a certificate of appealability. Rodriguez timely

4

appealed and we granted a certificate of appealability on the following issue: "Whether the district court abused its discretion in denying Rodriguez's motions to amend his 28 U.S.C. § 2254 petition to specify 25 additional claims that he had sought to incorporate by reference in his original § 2254 petition."

## STANDARD OF REVIEW

"Our review is limited to the issue specified in the certificate of appealability." Castillo v. United States, 816 F.3d 1300, 1306 (11th Cir. 2016). "[T]he granting or denial of leave to amend lies within the discretion of the trial court and is subject to reversal only for abuse of discretion." Moore v. Balkcom, 716 F.2d 1511, 1526–27 (11th Cir. 1983). "[W]hen employing an abuse-of-discretion standard, we must affirm unless we find that the district court has made a clear error of judgment[] or has applied the wrong legal standard." United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc). We liberally construe pleadings filed by pro se parties. Dixon v. Hodges, 887 F.3d 1235, 1237 (11th Cir. 2018).

## DISCUSSION

Rodriguez argues that the district court abused its discretion by not considering his first motion to amend as an amended § 2254 petition because he was entitled to an amendment as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B). He claims that the district court committed a clear error in judgment by instead treating his first motion as a reply. He further argues that the district court

5

compounded its error by ignoring the contents of his motion and concluding that he failed to articulate the claims he sought to incorporate. Rodriguez acknowledges that he did not comply with the procedural rules, but he nonetheless argues that he substantially complied with the requirements.

As to the first motion to amend, we conclude the district court did not abuse its discretion in considering the motion as a reply rather than an amended petition. Because Rodriguez sought to amend within twenty-one days of service of the secretary's response, he could amend his petition as a matter of course and didn't need to file a motion or ask for leave. See Fed. R. Civ. P. 15(a)(1)(B). Even giving it a liberal construction, the first motion to amend could not be considered an amended petition. The applicable rules set forth clear requirements for a § 2254 petition, including that petitions must "substantially follow" the form in the rules and give the district court the critical information required by the form. See Rule 2(c)–(d) of the Rules Governing § 2254 Cases; see also McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet heightened pleading requirements, see 28 U.S.C. § 2254 Rule 2(c) . . . ."). Here, Rodriguez's first motion did not comply with those requirements. Indeed, Rodriguez admitted as much, telling the district court to disregard it because it lacked substance, did not raise federal constitutional violations, and did not follow the proper format and procedure. Because of these defects, Rodriguez asked the district court to treat the first motion

to amend "as a nullity."  We cannot say the district court abused its discretion when it did exactly what Rodriguez asked it to do.  Cf. Frazier, 387 F.3d at 1259 ("By definition . . . under the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call.  That is how an abuse of discretion standard differs from a de novo standard of review.  As we have stated previously, the abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." (citation and quotation marks omitted)).

As to the second motion to amend, even giving his brief a liberal construction, Rodriguez doesn't appear to argue that the district court abused its discretion in denying leave to amend under Rule 15(a)(2).  He seems to have abandoned any issue regarding the denial of the second motion.  See Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").  But even if this issue had not been abandoned, we would not find an abuse of discretion.  The second motion asked the district court for one of two things: leave to file an amended petition; or, "in the alternative, to serve a reply to the [secretary's] response."  The district court granted Rodriguez's alternative request and ordered that he "may file a reply to the [secretary's] response on or before March 29, 2017."  Rodriguez filed a reply but

7

did not mention or argue the twenty-five claims from his state postconviction motion.  Given that the district court gave Rodriguez the relief he asked for and Rodriguez didn't take advantage of it, we cannot say there was an abuse of discretion.

**AFFIRMED.**