[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-10373

Non-Argument Calendar

————————————————

MIMA LISSETH LAZO-VELASQUEZ,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-103-419

————————————————

Before WILSON, JORDAN, and MARCUS, Circuit Judges:

PER CURIAM:

Mima Lazo-Velasquez seeks review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of her applications for asylum pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1158(a), withholding of removal under the INA, 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 1208.16(c).  In her petition, Lazo-Velasquez argues that: (1) the Agency erred in denying her asylum and withholding of removal claims because the IJ erred in determining that her proposed particular social group -- female students without male protection -- was not cognizable; (2) the Agency wrongly determined that she failed to satisfy the nexus requirement for her asylum and withholding of removal claims; (3) she met her burden for withholding of removal under the INA because she established that she experienced past persecution and that the Salvadoran government is unable and unwilling to protect her; and (4) the Agency erred in denying her CAT relief because the IJ erroneously found that the government would not acquiesce to her torture if she were removed to her home country of El Salvador.  After thorough review, we deny the petition.

We review only the decision of the BIA except to the extent the BIA expressly adopts the IJ's decision.  *Lopez v. U.S. Att'y Gen.*,

504 F.3d 1341, 1344 (11th Cir. 2007). When the BIA agrees with the IJ's findings but makes additional observations, we review both decisions on those issues. *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009). Issues that the BIA did not reach in the first instance are not properly before us, and we will not consider them. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

Factual determinations, including nexus determinations, are reviewed under the substantial evidence test. *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308, 1311 (11th Cir. 2013). Under this highly deferential standard, we "must affirm the BIA's factual findings so long as they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Lingeswaran v. U.S. Att'y Gen.*, 969 F.3d 1278, 1286 (11th Cir. 2020) (quotations omitted). We "review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (quotations omitted). We will reverse a finding of fact only when the record *compels* it, not merely because the record may support a contrary conclusion. *Id.* A petitioner abandons an issue before us by failing to address it in her brief or by only making passing reference to it. *Sepulveda v. U.S. Atty. Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

First, we are unpersuaded by Lazo-Velasquez's argument that the Agency erred in denying her asylum and withholding of removal claims. To establish asylum eligibility, the applicant must show that she is a refugee. 8 U.S.C. § 1158(b)(1); *Diallo v. U.S.*

*Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010). The INA defines a refugee as "any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of" either (1) past persecution on account of a statutorily listed protected ground or (2) a well-founded fear that the statutorily protected ground will cause future persecution. 8 U.S.C. § 1101(a)(42)(A); *Diallo*, 596 F.3d at 1332. Protected grounds include "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).

Under the INA's withholding of removal provision, an applicant shall not be removed to a country if her "life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). The applicant must show that it is more likely than not that she will be persecuted or tortured on account of a protected ground upon being returned to her country. *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1238 (11th Cir. 2007). This standard is more stringent than the well-founded fear standard for asylum claims, "so an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal." *Sanchez-Castro v. U.S. Att'y Gen.*, 998 F.3d 1281, 1286 (11th Cir. 2021).

"Both standards contain a causal element known as the nexus requirement." *Id.* Under the nexus requirement, the

noncitizen must show "that a protected ground 'was or will be at least one central reason for'" her persecution. *Id.* (quoting 8 U.S.C. § 1158(b)(1)). Protected grounds are not one central reason for an applicant's persecution if those grounds are "incidental" or "subordinate to another reason for" an attack. *Id.* (quotations omitted). Instead, "[a] reason is central if it is essential to the motivation of the persecutor." *Id.* (quotations omitted). Therefore, private acts of violence and general criminal activity "do[] not constitute evidence of persecution based on a statutorily protected ground." *Ruiz*, 440 F.3d at 1258. When "a gang targets a [victim] only as a means to another end," such as taking the victim's money, "the identity of the [victim] is only incidentally relevant," and the attack is not on account of the victim's membership in a particular social group. *Sanchez-Castro*, 998 F.3d at 1287.

Here, the Agency did not err in denying Lazo-Velasquez's asylum and withholding of removal claims.[1] As the record reflects,

---

[1] We note at the outset that the BIA affirmed the IJ's conclusion that Lazo-Velasquez was ineligible for asylum or withholding of removal on the ground that there was not enough evidence to find a nexus between the harm she suffered and her membership in her particular social groups. In so doing, the BIA assumed that her particular social groups were cognizable and made no determinations about them. As a result, her argument about the cognizability of her proposed social groups is not properly before us, and we will not consider it. *Gonzalez*, 820 F.3d at 403. Nor will we address her arguments concerning past persecution or future persecution, including whether the

substantial evidence supports the Agency's determination that Lazo-Velasquez failed to establish that she was attacked on account of her status as an unprotected female student, as opposed to being attacked because the attackers wanted her money or for her to stay out of their neighborhoods. Specifically, the record demonstrates that she was attacked only outside of her town, the attackers stole her belongings on each occasion, and they told her to stay outside of their town. She testified that she did not know who her assailants were, whether the assailants for each attack were the same, or why they attacked her. Further, both her testimony and the country conditions evidence support that gang violence and extortion are common. Although her cousin, who was also a student, was killed, Lazo-Velasquez did not state why her cousin was killed, and when the IJ asked if she believed that her attackers targeted her for a specific reason, she said that she did not know. Accordingly, the record does not compel the conclusion that she was attacked because she was an unprotected female student. *Ruiz*, 440 F.3d at 1255.

---

Salvadoran government is unable or unwilling to protect her, since the BIA did not rule on these issues either. *Id.*

However, we disagree with the government's claim that Lazo-Velasquez has not meaningfully challenged the Agency's determination that her protected status was not "at least one central reason." Our review of the briefing reveals that Lazo-Velasquez has made sufficient legal and factual arguments about this determination to have adequately raised it to us. *Sepulveda*, 401 F.3d at 1228 n.2.

Because Lazo-Velasquez cannot satisfy the nexus requirement for her asylum claim, she necessarily cannot satisfy the nexus requirement for her withholding of removal claim. *Sanchez-Castro*, 998 F.3d at 1286. Accordingly, she cannot satisfy the requirements for either asylum or withholding of removal and we deny the petition as to these issues.

We similarly are unconvinced by Lazo-Velasquez's claim that the Agency erred in denying her CAT relief. We review the BIA's determination that a petitioner is ineligible for CAT relief under the substantial evidence standard. *Sanchez-Castro*, 998 F.3d at 1288. An applicant seeking CAT relief must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *Reyes-Sanchez v. U.S. Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004). Torture is any act intended to cause "severe physical or mental pain or suffering," and the applicant must show that it would be "inflicted by or . . . with the consent or acquiescence of a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1), (5). "A government does not acquiesce to torture where it actively, albeit not entirely successfully, combats the alleged torture." *Lingeswaran*, 969 F.3d at 1294 (quotations omitted). Evidence relevant to an applicant's eligibility for CAT relief includes, but is not limited to: (1) incidents of past torture inflicted upon the applicant; (2) the viability of relocation within the country of removal as a means to avoid torture; (3) flagrant violations of human rights within the country of

8                    Opinion of the Court                    21-10373

removal; and (4) other relevant country conditions.    8 C.F.R.
§ 1208.16(c)(3)(i)-(iv).

Here, substantial evidence supports the Agency's determination that Lazo-Velasquez failed to show that a public official would acquiesce to her harm.  Notably, she testified that she was not afraid of the Salvadoran government and did not believe that anyone connected to the government would harm her.  Additionally, the country report shows that the government is attempting to control criminal activity.  Thus, she cannot show that crime in El Salvador alone constitutes government acquiescence to her potential torture. See Lingeswaran, 969 F.3d at 1294. Moreover, Lazo-Velasquez's general allegations of the government's corruption and inefficiency do not show that the Salvadoran government will more likely than not acquiesce to her torture if she is removed to El Salvador.  Id.; 8 C.F.R. § 1208.16(c)(2).  Accordingly, substantial evidence supports the BIA's dismissal of her appeal, and we deny her petition for review.

PETITION DENIED.