[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

———————————————

No. 21-12584

Non-Argument Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TONY M. STREETER,

Defendant-Appellant.

———————————————

Appeal from the United States District Court
for the Northern District of Florida

D.C. Docket No. 3:20-cr-00033-MCR-1

———————————————

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Tony M. Streeter ("Streeter") appeals his conviction and sentence for distribution of methamphetamine and his sentences for intent to distribute methamphetamine, possession of a firearm by a convicted felon, conspiracy to commit malicious burning, and possession with intent to distribute heroin. First, he contends that the admission at trial of an audio recording featuring a conversation involving a confidential informant ("CI") who did not appear at trial violated his Sixth Amendment right to confront witnesses against him. Second, he contends that the district court violated his Fifth Amendment right to be free from double jeopardy by enhancing his sentence based on prior state court convictions. Because we write only for the parties, we will not recount the facts underlying Streeter's conviction in a separate section of this opinion.

I.

Streeter first argues on appeal that the district court violated his Sixth Amendment right to confront witnesses against him by allowing the Government to play an audio recording of a conversation involving a CI and Streeter. We review *de novo* a defendant's claim that his Sixth Amendment rights were violated. *United States v. Ignasiak*, 667 F.3d 1217, 1227 (11th Cir. 2012). The Confrontation Clause of the Sixth Amendment provides: "In all

criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ."   U.S. Const. amend. VI.  "The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact."  *Maryland v. Craig*, 497 U.S. 836, 845, 110 S. Ct. 3157, 3163 (1990).  An out-of-court testimonial statement offered for the truth of the matter asserted may be admitted under the Confrontation Clause "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine."  *Crawford v. Washington*, 541 U.S. 36, 59, 124 S. Ct. 1354, 1369 (2004).  In *Crawford*, the Supreme Court described the class of testimonial statements covered by the Clause as follows:

> Various formulations of this core class of testimonial statements exist: *ex parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially; extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions; statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial.

*Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310, 129 S. Ct. 2527, 2531 (2009) (quoting *Crawford*, 541 U.S. at 51–52, 124 S. Ct. at 1364). A "statement" is (1) an oral or written assertion or (2) non-verbal conduct of a person if it is intended as an assertion. Fed. R. Evid. 801(a).

We have held that statements in a recorded conversation between a defendant and a CI who does not testify at trial may be admitted to put the defendant's statements into context without violating the Confrontation Clause. *See United States v. Byrom*, 910 F.2d 725, 737 (11th Cir. 1990) (accepting the Government's argument that the CI's recorded statements "were offered solely for the purpose of placing [the defendant's] comments in context"); *United States v. Price*, 792 F.2d 994, 997 (11th Cir. 1986) ("The single purpose for admitting the [CI] statements was to make understandable to the jury the statements made by [the defendant] himself. The statements are not hearsay, as they were not offered for the truth of the matter asserted . . . . Therefore, the [defendant's] Sixth Amendment right of confrontation and to present a defense was not violated by the introduction of the tapes into evidence."). This prior precedent controls our resolution of this case.

Here, Streeter has failed to identify a single *testimonial* statement made by the CI that was used at trial. As the Government explained at trial, and as the district court accepted, the audio and video recordings of the transaction between Streeter and the CI were introduced to provide context for a law enforcement officer's testimony; the recordings were not admitted as hearsay. As the

district court correctly determined, Streeter's Confrontation Clause rights were not violated; the district court stated:

> The audio included male voices that Sgt. Brown identified as the CI and Streeter but any audible statements made by the CI (which, again, Streeter has not identified and which the undersigned could not discern from listening to the recording) were offered to set the context for statements made by Streeter . . . .

As in *Price* and *Byrom*, the recording of the CI's conversation with Streeter was used only to provide context for the law enforcement officer's testimony. Accordingly, to the extent that the audio recording contained audible statements of the CI, those statements were not offered for the truth thereof and did not implicate Streeter's Confrontation Clause rights.

Moreover, Confrontation Clause errors are subject to harmless error analysis. *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S. Ct. 1431, 1438 (1986). Under this standard, "[t]he correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." *Id.* Factors courts consider in making this determination include "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's

case." *Id.* Here, assuming *arguendo* that the district court violated Streeter's right to confront a witness against him, such error was harmless. Streeter has not identified any audible statement by the CI on the challenged audio recording. And, even more significant, Streeter admitted to "fronting" the drugs that were the basis of his conviction, so any error was harmless beyond a reasonable doubt. Accordingly, we affirm Streeter's conviction for distribution of methamphetamine.

## II.

Streeter next argues on appeal that his sentence violated his due process rights and the Double Jeopardy Clause of the Fifth Amendment. He argues that, because his sentence in the instant case was enhanced due to his past state felonies, he is being forced "to serve the time he received on the [state] sentences all over again." We disagree.

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. Sentence enhancements for prior convictions do not implicate the Double Jeopardy Clause in the noncapital sentencing context because they are not considered as additional punishment for the previous offense. *Monge v. California*, 524 U.S. 721, 727–30, 118 S. Ct. 2246, 2249–51 (1998); *see also Gryger v. Burke*, 334 U.S. 728, 732, 68 S. Ct. 1256, 1258 (1948) ("The sentence as a . . . habitual criminal is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes. It is a stiffened penalty for the latest crime,

21-12584          Opinion of the Court          7

which is considered to be an aggravated offense because a repetitive one."). Accordingly, Streeter's double jeopardy challenge is foreclosed by Supreme Court precedent that sentence enhancements for prior convictions are stiffened penalties rather than additional punishments for prior convictions. Therefore, we affirm his sentence.[1]

**AFFIRMED.**

---

[1] Streeter references his "due process" rights when challenging his sentence as violative of the Double Jeopardy Clause. However, he never explains how his challenge to his sentence under "the Fifth and Fourteenth Amendments' due process provisions against an individual being subjected to multiple punishments" is distinct from his challpenge to his sentence under the Fifth Amendment's Double Jeopardy Clause. Accordingly, we consider any argument based on the due process clauses of the Fifth and Fourteenth Amendments to be abandoned. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) ("an appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.").