[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 21-10382
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00094-TJC-PDB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER LORAN BENTLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 28, 2021)

Before WILLIAM PRYOR, Chief Judge, NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Bentley, a federal prisoner, appeals *pro se* the denial of his

motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Bentley failed to identify extraordinary and compelling reasons for early release and, in the alternative, that "the sentencing factors under 18 U.S.C. § 3553(a) do not support a reduction in [his] sentence." We affirm.

Bentley argues that his risk of contracting COVID-19 due to his asthma constitutes an extraordinary and compelling reason to reduce his sentence, but we need not address that argument because we can affirm on the alternative ground stated by the district court. Before we will reverse a "judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014). Bentley lists as an issue on appeal that "the district court fail[ed] to consider the 18 U.S.C. § 3583(d)(1-3) factors (which includes § 3553(a) factors) and give [them] appropriate weight," but "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal," *id.* at 681 (quoting *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009)). Because Bentley fails to challenge the alterative ruling that the statutory sentencing factors weighed against granting him a sentence reduction, "it follows that the district court's judgment is due to be affirmed." *Id.* at 680.

We **AFFIRM** the denial of Bentley's motion for compassionate release.