[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11132

Non-Argument Calendar

_____

NARESH KUMAR,

                                                            Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A216-176-730

_____

Before JILL PRYOR, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Naresh Kumar seeks review of the Board of Immigration Appeals' final order affirming the immigration judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). Kumar failed to exhaust before the BIA and has abandoned on appeal his argument regarding the adverse credibility determination that the immigration judge made against him. Because that determination is dispositive of all of Kumar's claims and we lack jurisdiction to review it, we deny his petition.

## I.

Kumar, a native and citizen of India, entered the United States without inspection in 2017. In January 2018, the Department of Homeland Security issued him a Notice to Appear, charging him as removable for being present in the United States without being admitted or paroled under the Immigration and Nationality Act. *See* INA § 212(a)(7)(A)(i)(I), (a)(6)(A)(i); 8 U.S.C. § 1182(a)(7)(A)(i)(I), (a)(6)(A)(i). At a hearing in September 2018, he admitted his removability under the Notice to Appear charges but applied for asylum, statutory withholding of removal, and protection under the CAT. Kumar sought relief based on his fear of harm

in India by members of the Bharatiya Janata Party because of his membership in the Congress Party.

At the merits hearing in December 2018, the immigration judge rejected Kumar's corroborating exhibits that he filed late without an explanation or showing of good cause to allow them into the record. As a result, the only documents on the record were the Notice to Appear, Kumar's asylum application, and a 2017 State Department Human Rights Report on India.

Upon review of the evidence, the immigration judge determined that Kumar was not credible and that he did not sufficiently corroborate his claims for relief. Aside from the adverse credibility finding, the immigration judge also determined that Kumar was not statutorily eligible for relief on any of the grounds he sought. On appeal, the BIA adopted and affirmed the immigration judge's adverse credibility finding. The BIA noted that in his appeal Kumar stated that he was credible but provided no explanation in support of that contention. And that a review of the record confirms the immigration judge's credibility determination was based on the totality of the circumstances with no discernable error. Even assuming Kumar was credible, the BIA agreed with the immigration judge that Kumar had not established that he was eligible for asylum, withholding of removal, or CAT relief.

## II.

We review only the decision of the BIA "except to the extent the BIA expressly adopts the immigration judge's opinion." *Lopez*

*v. U.S. Att'y. Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). When the BIA agrees with the immigration judge's findings but makes additional observations, we review both sets of findings. *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009). Issues not reached by the BIA are not properly before us, and we do not consider them. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

We review our jurisdiction *de novo. Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 866 (11th Cir. 2018). We may review a final order of removal only if the petitioner "has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). The exhaustion requirement is jurisdictional, so the failure to exhaust precludes our review of a claim that was not presented to the BIA. *Lin*, 881 F.3d at 867. "This is not a stringent requirement," and exhaustion requires only that the petitioner "previously argued the core issue now on appeal before the BIA." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (quotation marks omitted). However, "[u]nadorned, conclusory statements do not satisfy this requirement." *Id.* at 1297. Additionally, the petitioner fails to exhaust an issue if he did not raise it before the BIA, even if the BIA addresses that issue *sua sponte. Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006).

### III.

Kumar failed to exhaust any challenge to the immigration judge's adverse credibility finding because, as the BIA noted, he

discussed it in only one paragraph and did not explain his assertion or apply the stated law to the facts of his case. Thus, he did not provide the BIA with his "argument's relevant factual underpinnings." *Indrawati*, 779 F.3d at 1297.

Even if he properly exhausted the argument, he abandoned it before this Court because he included a similar paragraph in his initial brief addressing the issue. In his brief, Kumar only referred to his own credibility in a subheading and did not relate any of the facts of the case to the general law or provide any supporting arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

Finally, the immigration judge's adverse credibility determination is dispositive of all of Kumar's claims. We have previously upheld the denial of CAT relief, asylum, and withholding of removal based on an immigration judge's adverse credibility determination and lack of credible evidence. *See Lyashchynska v. U.S. Att'y Gen.*, 676 F.3d 962, 967-69 (11th Cir. 2012). In so doing, we stated that "[a] denial of relief . . . can be supported solely by an adverse credibility determination, especially if the alien fails to produce corroborating evidence." *Id.* at 967. We reasoned that, in such circumstances, "[t]he record simply fails to compel a conclusion contrary to that reached by the [Agency]." *Id.* at 967-68.

Here, the immigration judge determined, and the BIA agreed, that Kumar was not credible. This finding is dispositive of all his claims, particularly since he failed to produce any corroborating evidence. *Id.* at 967.

## IV.

Kumar failed to exhaust his argument regarding the immigration judge's adverse credibility finding because he did not explain his assertion or apply the stated law to the facts of his case and thus did not provide the BIA with his "argument's relevant factual underpinnings." *Indrawati*, 779 F.3d at 1297. And even if he did exhaust that claim he has abandoned it here for the same reason. Because we lack jurisdiction to review the adverse credibility finding and that finding is dispositive of all of Kumar's claims, we need not address his or the government's other arguments. Accordingly, we dismiss his petition.

**PETITION DISMISSED.**