[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13957

Non-Argument Calendar

_____

JOSE FRANCISCO ALVARADO-GUIFARRO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-714-831

_____

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Jose Alvarado-Guifarro seeks review of the decision of the Board of Immigration Appeals ("BIA") affirming the denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). He argues that the BIA and the immigration judge erred in finding that the harm he experienced in Honduras did not rise to the level of persecution and that the harm was not on account of his belonging to a particular social group, the Alvarado family. For the foregoing reasons, we dismiss in part and deny in part the petition for review.

## I.

"When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the [immigration judge's] decision." *Lopez v. U.S. Att'y. Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). When the BIA agrees with the immigration judge's findings but makes additional observations, we review both decisions. *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009). Additionally, issues not reached by the BIA are not properly before us. *Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). We may review a final order of removal only if the alien has exhausted all administrative remedies available to him as a matter of right. 8 U.S.C. § 1252(d)(1). The exhaustion requirement is

jurisdictional and precludes review of a claim that was not presented to the BIA, even if the BIA reviews the issue *sua sponte*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006).

In a petition for review of a BIA decision, we review conclusions of law de novo and factual determinations under the substantial evidence test. *Gonzalez*, 820 F.3d at 403.. Under the substantial evidence test, "we view the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1230 (11th Cir. 2007) (quoting *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc)). We will affirm the BIA's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quoting *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283 (11th Cir. 2001)). The record must compel a contrary conclusion to warrant reversal. *See id.* The mere fact that the record may support a different conclusion is not sufficient to justify a reversal of administrative findings. *Id.*

## II.

We begin by addressing the legal principles as to the forms of relief at issue in this case. An applicant for asylum must meet the Immigration and Nationality Act's ("INA") definition of a refugee. 8 U.S.C. § 1158(b)(1). The INA defines a refugee, in relevant part, as:

> any person who is outside any country of such per-
> son's nationality . . . and who is unable or unwilling
> to return to, and is unable or unwilling to avail him-
> self or herself of the protection of, that country be-
> cause of persecution or a well-founded fear of perse-
> cution on account of race, religion, nationality, mem-
> bership in a particular social group, or political opin-
> ion.

*Id.* § 1101(a)(42)(A). To meet the definition of a refugee, the appli-
cant must, "with specific and credible evidence, demonstrate (1)
past persecution on account of a statutorily listed factor, or (2) a
'well-founded fear' that the statutorily listed factor will cause future
persecution." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th
Cir. 2006). Where an applicant demonstrates past persecution, a
rebuttable presumption that he has a well-founded fear of future
prosecution applies. *Id.* If the petitioner cannot show past perse-
cution, he "must demonstrate a well-founded fear of future perse-
cution that is both subjectively genuine and objectively reasona-
ble." *Id.*

Furthermore, the applicant must prove he suffered persecu-
tion on account of a protected ground. *Perez-Sanchez v. U.S. Att'y
Gen.*, 935 F.3d 1148, 1158 (11th Cir. 2019). This connection be-
tween the persecution and the statutorily protected ground is
known as the "nexus requirement." *Id.* To satisfy the nexus re-
quirement, an asylum applicant must establish that the protected
ground was "at least one central reason" for his persecution. *Id.*
(quoting 8 U.S.C. § 1158(b)(1)(B)(i)). We have stated that evidence

that either is consistent with acts of private violence, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground. *Ruiz*, 440 F.3d at 1258.

For example, in *Rivera v. U.S. Attorney General*, 487 F.3d 815 (11th Cir. 2007), we denied a petition for review of an asylum application because there was substantial evidence to support the immigration judge's finding that the motive of the FARC, a Colombian rebel group, for persecuting the petitioners' wealthy family was to raise funds and was not based on political opinion. *Id.* at 821–23. We reasoned that country conditions evidence established that business owners like the applicants, once targeted for taxation, would be harassed until they paid a war tax, but that even a grudging payment of the war tax ordinarily ended the harassment. *Id.* at 822.

Similar to the showing required for asylum, an applicant seeking the withholding of removal under the INA must demonstrate that his life or freedom would be threatened in that country because of his "race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Withholding of removal claims are governed by a more stringent standard than asylum claims, requiring the applicant to demonstrate that it is more likely than not that he will be persecuted upon return to his home country. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1233 (11th Cir. 2005). If a petitioner is unable to meet the well-founded fear standard for asylum, he cannot meet the more

stringent standard for withholding of removal. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 819 (11th Cir. 2004).

Turning to the CAT, an applicant seeking CAT relief must establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). The CAT defines torture as

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

*Id.* § 208.18(a)(1). Acquiescence requires that a public official have awareness of the torture before it occurs and thereafter breach his or her legal responsibility to intervene to prevent it. *Id.* § 208.18(a)(7). Evidence relevant to an applicant's eligibility for CAT relief includes, but is not limited to: (1) incidents of past torture inflicted upon the applicant; (2) the viability of relocation within the country of removal as a means to avoid torture; (3) gross, flagrant or mass human rights violations in the country of removal; and (4) other relevant country conditions. *Id.*

§ 208.16(c)(3)(i)–(iv).  An applicant who is unable to meet the well-founded fear standard for asylum is generally precluded from qualifying for withholding of removal or CAT relief.  *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005).

As an initial matter, we decline to review Alvarado-Guifarro's challenge to the denial of his claim for CAT relief because he did not raise that issue to the BIA.  Accordingly, the claim in unexhausted, and we lack jurisdiction to review it.  *See Gonzalez*, 820 F.3d at 403.

Here, substantial evidence supports the denial of Alvarado-Guifarro's asylum claim because he failed to establish a nexus between his fear of persecution and his protected status.  Instead, the record reflects that the narcotics traffickers had a personal vendetta against Alvarado-Guifarro's cousin, Jan Carlos, because Jan Carlos organized an attack against the traffickers.  Substantial evidence also supports the finding that traffickers targeted Alvarado-Guifarro either because they believed he participated in the attack against them or because they mistakenly believed that he was Jan Carlos.  We find that the evidence is either consistent with acts of private violence, or merely shows that a person has been the victim of criminal activity, and thus does not constitute evidence of persecution based on a statutorily protected ground.  *See Ruiz*, 440 F.3d at 1258.

Furthermore, because Alvarado-Guifarro failed to meet his burden of proof for asylum, he cannot meet the more stringent standard for withholding of removal.  *D-Muhumed*, 388 F.3d at

819.  Accordingly, we dismiss his petition as it relates to his claim for CAT relief, and we deny the petition as it relates to his claims for asylum and withholding of removal.

**PETITION DISMISSED IN PART AND DENIED IN PART**.