[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12998

Non-Argument Calendar

_____

SINTIAN ROSIBEL VALLECILLOS-TORRES,
FRANCIS XIOMARA VALLECILLOS-TORRES,
 KENSY XIOMARA LICONA-VALLECILLOS,
NEYLI NICOL LICONA-VALLECILLOS,
YOSEPH MANUEL VALLECILLOS-TORRES,

                                        Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-435-412

_____

Before WILSON, JORDAN, and TJOFLAT, Circuit Judges.

PER CURIAM:

Sintian Vallecillos-Torres ("Sintian") and her son Yoseph, as well as Francis Vallecillos-Torres ("Francis") and her children Kensy and Neyli (collectively the "Petitioners"), natives and citizens of Honduras, seek review of the decision of the Board of Immigration Appeals (the "BIA") affirming the denial of their applications for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (the "CAT"). Petitioners argue that the BIA's adverse credibility determination of Sintian was not supported by substantial evidence, and that the record compels a finding that they were eligible for asylum, withholding of removal, and CAT relief.

We review only the decision of the BIA, except to the extent the BIA expressly adopts the immigration judge's ("IJ") opinion. *Lopez v. U.S. Att'y. Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007). When the BIA agrees with the IJ's findings but makes additional observations, we review both decisions. *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009).

Factual determinations, which include credibility determinations, are reviewed under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254–55 (11th Cir. 2006) (per curiam). Under this highly deferential standard, we will affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481, 112 S. Ct. 812, 815 (1992). Under the substantial evidence test, we "review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Ruiz*, 440 F.3d at 1255 (quotation marks omitted). Accordingly, a finding of fact will be reversed only when the record "compels" it, not merely because the record may support a contrary conclusion. *Id.* (quotation marks omitted).

An applicant for asylum must meet the Immigration and Nationality Act's (the "INA") definition of a refugee. INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). The INA defines a refugee as follows.

> [A]ny person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). To meet the definition of a refugee, the applicant must, "with specific and credible

evidence, demonstrate (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution." *Ruiz*, 440 F.3d at 1257 (quotation omitted). Where an applicant demonstrates past persecution, a rebuttable presumption that he has a well-founded fear of future prosecution applies. *Id.* If the petitioner cannot show past persecution, he must demonstrate "a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." *Id*.

Like the showing required for asylum, an applicant seeking the withholding of removal under the INA must demonstrate that his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). Withholding of removal claims are governed by a "more stringent" standard than asylum claims, however, requiring the applicant to demonstrate that it is "more likely than not" that he will be persecuted upon return to his home country. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (per curiam).

An applicant seeking CAT relief must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2).

The CAT defines torture as follows.

[A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her

> or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). "Acquiescence" requires that a public official have awareness of the torture before it occurs and "thereafter breach his or her legal responsibility to intervene to prevent [it]." *Id*. § 208.18(a)(7). Evidence relevant to an applicant's eligibility for CAT relief includes, but is not limited to: (1) incidents of past torture inflicted upon the applicant; (2) the viability of relocation within the country of removal as a means to avoid torture; (3) gross, flagrant or mass human rights violations in the country of removal; and (4) other relevant country conditions. *Id*. § 208.16(c)(3)(i)–(iv). An applicant who is unable to meet the well-founded fear standard for asylum is generally precluded from qualifying for withholding of removal or CAT relief. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005) ("Because [the applicant] has failed to establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal or protection under CAT.").

If credible, an asylum applicant's testimony alone may be sufficient for the applicant to establish his eligibility for relief from

removal. *Ruiz*, 440 F.3d at 1255. On the other hand, "an adverse credibility determination alone may be sufficient to support the denial of an asylum application," but only if the alien fails to produce evidence independent of his testimony. *Forgue*, 401 F.3d at 1287. If the alien does produce other evidence of persecution, the agency must consider it and decide whether it establishes the alien's eligibility for relief. *Id*.

An adverse credibility determination must be based on "specific, cogent reasons." *Ruiz*, 440 F.3d at 1255 (quotation marks omitted). Once an adverse credibility determination is made, the applicant has the burden to show either that the determination was not based on specific, cogent, reasons or that it is not supported by substantial evidence. *Forgue*, 401 F.3d at 1287. An applicant's tenable explanation for an inconsistency or implausibility will not necessarily warrant reversal, particularly where corroborating evidence is lacking. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006) (per curiam) (concluding that, although applicant's explanations were tenable, they would not "compel a reasonable fact finder to reverse the IJ's credibility determination").

An IJ may base a credibility finding on the totality of the circumstances, including: (1) the demeanor, candor, or responsiveness of the applicant; (2) the inherent plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the statements with other record evidence, including State Department reports. INA § 208(b)(1)(B)(iii), 8 U.S.C.

§ 1158(b)(1)(B)(iii).  An adverse credibility determination may be based on inaccuracies, inconsistences, and falsehoods, regardless of whether they relate to the "heart" of the applicant's claim.  *Id*.

Here, substantial evidence supports the BIA's adverse credibility determination against Sintian.  The IJ and BIA's reasons for the credibility determination are specific and cogent, as Sintian's testimony "was internally inconsistent, lacked candor, and lacked corroboration."  Substantial evidence supports that assertion.  Sintian testified that Cardona[1] threatened her and her family, but could not remember the year, month, or season any of the threats occurred.  She testified that Cardona threatened to kidnap Yoseph in 2011, but Yoseph was not born until 2013.

Substantial evidence also supports the finding that, in light of the adverse credibility determination, the Petitioners did not meet their burden of proving their eligibility for asylum, withholding of removal, or CAT relief.  Aside from Sintian's testimony, nothing in the record corroborated the claim that Petitioners were threatened.  Sintian was the only member of the family allegedly directly threatened by Cardona himself, and she never informed

---

[1] Wilfredo Cardona stabbed Sintian and Francis's father in the United States in 2009 and was deported to Honduras, where Petitioners lived, in 2011. While Cardona was not a member of any criminal organizations and had no criminal history, Sintian testified that she heard rumors in her village that he had killed people.  Petitioners claimed that Cardona threatened them and that they were afraid he would hurt or kill them if they remained in Honduras. Sintian fled to the United States with her son, Yoseph, in 2014; Francis and her two daughters followed in 2016.

Francis about those threats. While Sintian testified that Cardona passed by their house every day for weeks, no one else saw him. Francis's testimony was deemed credible, but she testified that she never spoke to the man who threatened them. Without Sintian's testimony, there is no evidence in the record demonstrating past persecution or a well-founded fear of future persecution.

Even if Sintian's testimony had been credible and the threats had occurred, the BIA and IJ found that they did not rise to the level of "persecution" because persecution is an "extreme concept" that requires "more than a few isolated incidents of verbal harassment or intimidation." The BIA also affirmed the IJ's finding that Petitioners "never reported their past harm to the Honduran authorities, or otherwise established that the Honduran authorities were unable or unwilling to protect them."

The BIA's decision affirming the denial of Petitioners' asylum application was supported by reasonable, substantial, and probative evidence. Because Petitioners failed to meet the lower showing required for asylum, they necessarily failed to show that they were eligible for withholding of removal and CAT relief. *See Forgue*, 401 F.3d at 1288 n.4. Accordingly, we deny the petition for review.

**PETITION DENIED.**