[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

————————————————

No. 23-13064

Non-Argument Calendar

————————————————

SUZANN MUDAHY-NICHOLSON,

Plaintiff-Appellant,

*versus*

CITY OF MIAMI,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-20019-JEM

————————————————

Before JORDAN, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

In January 2022, Suzann Mudahy-Nicholson, represented by counsel, sued her former employer, the City of Miami, alleging that it engaged in sex discrimination, under Title VII, 42 U.S.C. § 2000e-2(a)(1) ("Count 1"); race discrimination, under Title VII, 42 U.S.C. § 2000e-2(a)(1) ("Count 2"), and the Civil Rights Act, 42 U.S.C. § 1981 ("Count 3"); disability discrimination under the Americans with Disabilities Act Amendments Act, 42 U.S.C. § 12112 ("Count 4"); and retaliation under Title VII, 42 U.S.C. § 2000e-3(a) ("Counts 5 and 6"), the Civil Rights Act, 42 U.S.C. § 1981 ("Count 7"), and the Americans with Disabilities Act, 42 U.S.C. § 12203(a) ("Count 8"). The district court granted summary judgment to the City. For the reasons set forth below, we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Mudahy-Nicholson's complaint alleged the following. She was a black lesbian woman with a disability who started working for the City in 2004. When she began working, she was informed that the department head did not want a "convicted felon" working in his department and that her supervisor had tried to withdraw her job offer because of her "background." While working for the City, she had been denied a promotion, despite being qualified, and she had faced insults from coworkers and supervisors. She had also suffered workplace injuries and had been denied accommodations

relating to those injuries.  She was harassed based on her sex and her sexual orientation by one of her coworkers.  On one occasion, she was confronted by a City commissioner who made a racially derogatory remark about her.  During that incident, she was pushed, fell, and sprained her hip.  She later sued the commissioner involved in the incident, and the City began an investigation.  After the City scheduled a meeting regarding the incident, she declined to attend because her attorney had scheduling conflicts, and the City subsequently terminated her for her failure to attend.  However, she contended that this reason was pretext for discrimination on the basis of race, sex, and disability, and was in retaliation for her complaints about discrimination.

The City moved to dismiss Mudahy-Nicholson's suit, arguing, first, that she had failed to exhaust her administrative remedies as to Counts 1, 2, 4, 5, 6, and 8.  Second, it argued that Counts 3 and 7 should be dismissed under Fed. R. Civ. P. 12(b)(6) because Mudahy-Nicholson's allegations about those counts did not provide facts that plausibly showed she had been subjected to discrimination or retaliation based on race.

Mudahy-Nicholson opposed the City's motion, raising two arguments.  First, she argued that she had adequately exhausted her administrative remedies by engaging, in good faith, with the administrative process.  Second, she contended that Counts 3 and 7 adequately stated claims for race discrimination and retaliation.

The district court denied the City's motion to dismiss, concluding that Mudahy-Nicholson had properly exhausted her

administrative remedies and that Counts 3 and 7 did not fail to state a claim. The district court did not, however, address the timeliness of Mudahy-Nicholson's suit, or whether, after discovery, evidence would show whether she had suffered discrimination or retaliation.

After discovery, the City moved for summary judgment, arguing that Mudahy-Nicholson's claims were time-barred, that she failed to exhaust her administrative remedies, and that it was entitled to summary judgment on the merits because Mudahy-Nicholson had not established a *prima facie* case on any of her claims or shown that the City's reasons for terminating her were pretextual.

Mudahy-Nicholson opposed the City's motion, contesting only some of the City's arguments. First, she reiterated her position that she had exhausted her remedies for Counts 1, 2, 4, 5, 6, and 8. Second, she argued that her complaint, specifically as to Counts 3 and 7, provided sufficient facts to state a claim. She also stated, in a single sentence, that her claims were "not time-barred by the applicable statute of limitations."

The district court granted the City's motion. First, it found that Count 1 and parts of Counts 2 and 3 were time-barred because they were based on events that fell outside the respective statutes of limitations. Second, it concluded that Mudahy-Nicholson's sex- and race-discrimination claims failed because she did not establish a *prima facie* case of discrimination as she had not pointed to any similarly situated comparator. Third, it found that Count 4 failed for two reasons: (i) because Mudahy-Nicholson did not establish a *prima facie* case of discrimination due to her failure to show

a causal connection between her disability and her termination; and (ii) because Mudahy-Nicholson failed to establish that the City's stated legitimate reason for terminating her was pretextual. Fourth, the district court concluded that the retaliation claims—Counts 6 through 8—failed for the same two reasons as Count 4, namely that Mudahy-Nicholson: (1) failed to show causation; and (2) failed to show the City's reason for terminating her was pretextual. Mudahy-Nicholson timely appealed.

## II. STANDARD OF REVIEW

Generally, "[w]e review a district court's grant of summary judgment *de novo.*" *Poer v. Jefferson Cnty. Comm'n*, 100 F.4th 1325, 1335 (11th Cir. 2024). However, an appellant can abandon an issue by failing to challenge it on appeal. *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994). An appellant can also abandon an issue by presenting it only in "passing references" or "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014); *see also Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278 (11th Cir. 2009) (explaining that "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue"). Absent "exceptional" circumstances, we do not consider issues that have been abandoned. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1332 (11th Cir. 2004).

## III. DISCUSSION

In Mudahy-Nicholson's counseled initial brief, she argues: (1) that she sufficiently exhausted her administrative remedies; and

(2) that her complaint adequately stated a claim for relief. In raising these points, Mudahy-Nicholson's brief reiterates many of the same arguments she made in opposition to the City's motion to dismiss. Even though the district court's ruling on the City's motion for summary judgment did not rest on her failure to exhaust administrative remedies, Mudahy-Nicholson spends much of her brief arguing that she adequately exhausted her administrative remedies for Counts 1, 2, 4, 5, 6 and 8. She also discusses whether she had "alleged facts in her complaint" sufficient to plead claims for discrimination and retaliation. While she states that the City failed to meet its burden for summary judgment, she relies only on allegations she made in her complaint to support that contention. Further, Mudahy-Nicholson does not discuss, cite, or dispute any of the grounds given by the district court in its order granting summary judgment or any of the evidence the district court relied on.

Here, Mudahy-Nicholson's brief does not identify, as an issue, any of the bases for the judgment against her that the district court provided. Her brief does not mention, except in "passing reference[]"—a single sentence—the district court's ruling that Counts 1 and parts of Counts 2 and 3 were time-barred. *Sapuppo*, 739 F.3d at 681. In any event, she does not explain how the district court erred in that respect. *See Singh*, 561 F.3d at 1278. Mudahy-Nicholson also presents no argument that the district court erred in concluding that she failed to provide comparator evidence sufficient to establish a *prima facie* case of sex- or race- discrimination for Counts 1 through 3, nor does she contest its conclusion that

Counts 4 through 8 failed because she did not show causation. *Sapuppo*, 739 F.3d at 681.[1]

## IV. CONCLUSION

In sum, Mudahy-Nicholson has abandoned any challenge to the district court's order granting the City summary judgment, so we affirm.

**AFFIRMED**.

---

[1] Even if we were to conclude that Mudahy-Nicholson preserved a challenge to the district court's ruling on pretext, "[t]o obtain reversal of a district court judgment that is based on multiple, independent grounds," she had to "convince us that every stated ground for the judgment against h[er] [wa]s incorrect." *Sappupo*, 739 F.3d at 680. By failing to challenge the ruling that she had not shown causation, she cannot show the district court reversibly erred in granting summary judgment to the City on Counts 4 through 8. *Id.*